UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHARLES WESLEY McGEE, | ) | |
| a/k/a Charles Wesley McGee, Jr., | ) | |
| | ) | Civil Action No. 6: 13-168-DCR |
| Petitioner, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON WITHERS, Acting Warden, | ) | **MEMORANDUM OPINION** |
| United States Penitentiary-McCreary, | ) | **AND ORDER** |
| | ) | |
| Respondent. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Charles Wesley McGee, an inmate previously confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. McGee seeks the removal of a state detainer connected to his underlying criminal convictions in Oklahoma. [Record No. 1] After reviewing McGee's petition[1], the Court finds that his claim is moot.

McGee seeks to quash the state detainer that he asserts was lodged against him by the Bureau of Prisons ("BOP") at USP-McCreary. [Record No. 1, p. 7] His sole request for relief is that the Court lift the detainer and order the BOP to release him on October 29, 2013. [*Id.*, p.

---

1   The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates McGee's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

8] However, McGee *was* released from federal custody on October 29, 2013. *See* http://www.bop.gov (last visited January 16, 2014). The United States Probation Office for the Western District of Oklahoma has verified that McGee has been released from federal custody and is presently serving his five-year term of supervised release. *See* http://www.okwp.uscourts.gov (last visited January 16, 2014). Thus, his claim is moot. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (internal quotation marks omitted) ("This Court lacks jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot."); *Marshek v. Eichenlaub*, 266 F. App'x. 392 (6th Cir. 2008) (A prisoner's § 2241 petition becomes moot where the prisoner is released, and the Court is unable to grant the relief requested and no injury remains). Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to substitute Shannon Withers, Acting Warden, as the Respondent in this proceeding.

2. Charles W. McGee's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [Record No. 1] is **DENIED**, as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 16th day of January, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge